UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
     **Plaintiff**

v.                                              Case Number 4:09cr3023-001

                                                USM Number 22768-047

**MATTHEW A. CAMPBELL**
     **Defendant**
                                                SEAN J. BRENNAN

                                                Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to counts II and III of the Indictment on 3/24/10.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18:2252(a)(4)(B) POSSESSION OF CHILD PORNOGRAPHY | September 23, 2008 | II |
| 18:2253 FORFEITURE | September 23, 2008 | III |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count I of the Indictment is dismissed on the motion of the United States .

Final order of forfeiture filed on 09/14/10 as to Count III.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within fourteen (14) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
September 14, 2010

*Richard G. Kopf*
United States District Judge

September 16, 2010

Defendant: MATTHEW A. CAMPBELL                                                                                                          Page 2 of 8
Case Number: 4:09cr3023-001

# PROBATION

The defendant is hereby sentenced to probation for a term of **five (5) years**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF PROBATION

1. The defendant shall pay a fine of $7,500. The fine shall be paid in full no later than 90 days prior to the completion of probation. The defendant shall make minimum payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $135.00 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed. The defendant shall inform the probation officer of any change in his economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court. The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty. Interest shall not accrue on the criminal monetary penalty.

2. No later than 90 days prior to the completion of probation, the defendant shall complete 100 hours of community service pursuant to a plan approved by the probation officer.

3. Pursuant to 18 U.S.C. § 3563(b)(11), the defendant shall enter and participate in a community confinement program (a part of the Bureau of Prison's community corrections component), with work release, for a period of 120 days or until earlier discharged by the probation officer. The Court recommends placement at CH, Council Bluffs, Iowa.

4. Following completion of the community confinement program, the defendant shall participate in the home confinement program under electronic monitoring for a period of six consecutive months. Home confinement shall commence according to a schedule arranged by the home confinement specialist. The defendant shall comply with the provisions of the Home Confinement Participant Agreement and shall pay for the costs of electronic monitoring. The defendant shall be allowed to work and complete community service hours while under home confinement.

5. The defendant shall not knowingly view or knowingly possess images of sexually explicit conduct (as that term is defined in 18 U.S.C. § 2256(2) (2008)) no matter the age of the person depicted in the image. In plain English, this provision bars the defendant from viewing or possessing images of sexual

    intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse or the lascivious exhibition of the genitals or pubic area of a person whether or not such images may be viewed or possessed legally.

6. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, upon reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the defendant. The defendant shall also submit to any such search by any probation officer in the lawful discharge of the officer's supervision functions.

7. After first reviewing the forensic evaluation previously conducted by Dr. Ritchie at the government's insistence, the probation officer may require the defendant to undergo a sex offense specific evaluation and participate in a sex offender treatment program or a mental health treatment program approved by the probation officer. However, the probation officer shall not require an additional evaluation or sex offender treatment or mental health treatment *unless* the probation officer first determines that there are reasonable grounds to believe that the evaluation by Dr. Ritchie was insufficient, or upon reasonable grounds to believe that an additional evaluation is necessary, or upon reasonable grounds to believe that the defendant is in need of sex offender treatment or mental health treatment programs. The defendant shall pay for these services as directed by the probation officer.

8. After first reviewing the polygraph previously administered by the Nebraska Highway Patrol at the government's insistence, the probation officer may require the defendant to submit to additional polygraph examinations and subsequent maintenance testing, at intervals determined by the probation officer, to assist in case monitoring. However, the probation officer shall not require additional polygraph examinations *unless* the probation officer first determines that the initial polygraph was insufficient or upon reasonable suspicion that the defendant has violated the conditions of probation. The defendant shall pay for these services as directed by the probation officer.

9. The defendant shall comply with and cooperate with the implementation of the U.S. Probation Office's Computer Monitoring Program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices. The defendant and/or the probation officer shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate the probation officer's ability to effectively monitor Internet-related activities, including, but not limited to, email correspondence, Internet usage history, and chat conversations. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent installed software. The defendant shall also permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and related computer peripherals, such as CD's and other media, under his control. The defendant shall pay the costs of monitoring.

10. The defendant shall notify the probation officer of all computer software owned or operated by the defendant at the commencement of supervision, and report any additional software purchase, acquisition, or use during the course of supervision.

11. The defendant shall advise the probation officer of all computer, electronic communication equipment, and web enabled equipment, including cell phones, to which he possesses or has access to within one business day after obtaining same.

12. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes on any media. Also, the defendant shall not install or use any program for the purpose of "wiping," deleting, or cleaning any media device.

13. The defendant shall comply with Sexual Offender Registration and Notification Act (SORNA) requirements for convicted offenders in any state in which the defendant resides. The defendant shall register in person as a sex offender with local/tribal/county law enforcement in the jurisdiction in which he resides, is employed, and is a student, within three business days after sentencing. The defendant shall provide proof of registration to the probation officer.

14. The defendant shall cooperate in the collection of a DNA sample at the direction of the probation officer, pursuant to Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during the period of community confinement.

15. The requirement of 18 U.S.C. § 3563 (a) (5) regarding drug testing, that is, testing within fifteen (15) days of release on supervised release and to two (2) periodic drug tests thereafter, is suspended until further order of the court because the presentence investigation report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

16. The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00am and 4:30pm, 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402) 437-1920, within a reasonable time after being placed on probation and, thereafter, as directed by the probation officer.

Defendant: MATTHEW A. CAMPBELL                                                                    Page 7 of 8
Case Number: 4:09cr3023-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 (PAID) | $7500.00 | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

interest requirement is waived.

## FINE

A Fine in the amount of $7500.00 is imposed.

All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

## RESTITUTION

No restitution was ordered.

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $100.00. (PAID) Except as provided below, the defendant shall pay the fine in the manner required by the special conditions of probation.

The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so.

Defendant: MATTHEW A. CAMPBELL                                                                                      Page 8 of 8
Case Number: 4:09cr3023-001

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court. Interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 100 Centennial Mall North, 593 Federal Building, Lincoln, NE 68508.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

   The defendant shall forfeit the defendant's interest in the following property to the United States:

> 1) One Sony Vaio Desktop Computer, Serial Number 3029381;
> 2) One Compaq desktop computer, serial number 0029-011-455-538;
> 3) One Sony Vaio Laptop Computer and power cord, serial number 0043-658-158-346

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk